NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| RESHONDA HUNTER, Administrator *Ad Prosequendum*, of the Estate of RONALD SMITH, deceased, 207 Court Street, Apt. 1-A, Newark, New Jersey, 07013, and all heirs Individually, *i.e.*, Reshonda Hunter, Rashaan Hunter, Dorian Smith, and Leila Smith, <br><br> Plaintiffs, <br><br> v. <br><br> DEMATIC USA, DEMATIC CORPORATION, AMAZON.COM, INC., AMAZON FULFILLMENT SERVICES, INC., GENCO I INC. d/b/a GENCO, and John Does #s 1-10, ABC Corps # 1-10, <br><br> Defendants. | **OPINION AND ORDER** <br><br> Civ. No. 16-00872 (WHW)(CLW) |

**Walls, Senior District Judge**

This case involves the accidental death of a worker at a shipping warehouse. Plaintiff Reshonda Hunter, administrator *ad prosequendum* of the estate of the Decedent, Ronald Smith, and his heirs bring wrongful death, survivorship, and product liability claims against the operators of the warehouse and manufacturers of warehouse equipment. Defendants Genco I Inc. d/b/a Genco, Amazon.com, Inc., and Amazon Fulfillment Services, Inc. moved to dismiss. After receiving an extension of time to respond to the Amazon motion to dismiss, Plaintiffs filed an amended complaint, which Defendants initially challenged as untimely. Apparently accepting the amended complaint, Amazon has now requested to withdraw its motion to dismiss the original complaint as moot. Decided without oral argument under Fed. R. Civ. P. 78, the Court grants

1

Plaintiffs leave to amend their complaint, sets forth a new schedule for responsive pleadings and motions to dismiss, and grants Amazon's request to withdraw its initial motion to dismiss.

## BACKGROUND

For the purposes of this opinion, the Court assumes the truth of the following allegations in the amended complaint. ECF No. 19. The Decedent, Ronald Smith, was at the time of his death an adult individual residing in New Jersey. *Id.* ¶ 2. Plaintiff Reshonda Hunter is the administrator *ad prosequendum* of the estate of Decedent Smith and resides in New Jersey. *Id.* ¶ 1. Plaintiffs Rashaan Hunter, Dorian Smith, and Leia Smith are heirs of the Decedent residing in New Jersey. *Id.* ¶¶ 3-5, 16.

Defendant Dematic USA is an entity organized under Delaware law that designs, manufactures, installs, and services merchandising equipment, including conveyor belts and sortation and palletizing systems ("CSPs"), with its principal place of business located in Michigan and an office located in Basking Ridge, New Jersey. *Id.* ¶¶ 6, 20. Defendant Dematic Corporation is an entity organized under Delaware law with a service of process address in Wilmington, Delaware. *Id.* ¶ 7. The Court will refer to these Defendants collectively as "Dematic." Defendant Amazon.com, Inc. is an entity organized under Delaware law involved in the sale, marketing, and/or distribution of products with a service of process address in Wilmington, Delaware. *Id.* ¶¶ 8, 21. Defendant Amazon Fulfillment, Inc. is an entity organized under Delaware law with a service of process address in Wilmington, Delaware. *Id.* ¶ 9. The Court will refer to these defendants collectively as "Amazon." Defendant Genco I, Inc. d/b/a/ Genco ("Genco") is an entity organized under Delaware law with a service of process address in Wilmington, Delaware. *Id.* ¶ 10. Defendants John Does 1-10 and ABC Corps. 1-10 are fictitious entities or persons pleaded to represent additional, unknown entities or persons who are liable to

Plaintiffs under the causes of action brought in the complaint. *Id.* ¶¶ 11-12. Non-party Abacus Corporation ("Abacus") is a Maryland entity with its principal place of business located in Richmond, Virginia. *Id.* ¶ 17.

On or about December 4, 2013, Defendant Amazon used a facility located at 301 Blair Road, Avenel, New Jersey (the "Facility") as a warehouse and distribution center. *Id.* ¶ 21. Under an agreement with Amazon, Genco operated the Facility. *Id.* ¶ 24. Amazon exclusively owned all of the equipment at the Facility, *id.* ¶ 26, and Amazon and Genco exclusively controlled all of the equipment at the Facility. *Id.* ¶ 27. This equipment included a CSP that was designed and manufactured by Dematic and sold to Amazon for use at the Facility (the "A-CSP"). *Id.* ¶ 22. Post-sale, Dematic provided services to Amazon at the Facility, including installation, field service, consulting, training, engineering, servicing, and upgrading the A-CSP. *Id.* ¶ 23. Amazon and Genco trained and controlled all workers at the Facility, demanding "herculean production" from the workers. *Id.* ¶¶ 19, 25, 28-29. Amazon contracted with non-party Abacus to supply the Facility with workers. *Id.* ¶¶ 17-18.

Decedent Smith was an employee of Abacus who was temporarily staffed distributing packages for Amazon at the Facility. *Id.* ¶¶ 17-18, 30-31. On or about December 4, 2013, Decedent Smith was fatally injured while attempting to clear a jam in the A-CSP. *Id.* ¶¶ 32-33, 37. As Decedent Smith attempted to clear the jam, his arm became caught in the machine, and he was pulled through a gap less than six inches wide before falling approximately fifteen to eighteen feet onto the concrete ground below. *Id.* ¶ 34. As a result of the accident, Smith sustained injuries, including injuries to his head and hip. *Id.* ¶ 35. He was taken to Robert Wood Johnson Hospital in Rahway, New Jersey, where he was pronounced dead. *Id.* ¶ 37. The autopsy

report performed on Decedent Smith listed his official cause of death as multiple blunt force impact injuries. *Id.* ¶ 38.

On or about September 4, 2014, at the order of the Superior Court of New Jersey for the County of Essex, Chancery Division Probate Part, the Essex County Surrogate issued letters of General Administration appointing Plaintiff Reshonda Hunter as the general administrator *ad prosequendum* of the estate of Decedent Smith. *Id.* ¶ 40.

On November 19, 2015, Plaintiffs filed a five-count complaint in the Superior Court of New Jersey for the County of Essex, Law Division. Notice of Removal, ECF No. 1 Ex. A. Plaintiffs brought a state law wrongful death action against all Defendants in Count One, *id.* ¶¶ 33-36, a survival action against all Defendants in Count Two, *id.* ¶¶ 37-38, a strict product liability claim against Amazon and Dematic in Count Three, *id.* ¶¶ 39-45, a claim for punitive damages against Amazon and Dematic in Count Four, *id.* ¶¶ 46-49, and a negligence claim against Amazon and Dematic in Count Five. *Id.* ¶¶ 50-52.

With the consent of Defendants Amazon and Genco, Defendant Dematic removed the action to this Court on February 17, 2016. Notice of Removal, ECF No. 1. Plaintiffs moved to remand the case to state court, arguing that complete diversity between the parties does not exist because Dematic's Basking Ridge, New Jersey office constitutes a "principal place of business," depriving the Court of jurisdiction. ECF No. 11. On February 24, 2016, Defendant Dematic filed an answer and crossclaim, ECF No. 5, and Defendant Amazon filed a motion to dismiss. ECF No. 3. Amazon argued that the individual Plaintiffs Reshonda Hunter, Rashaan Hunter, Dorian Smith, and Leia Smith do not have standing to bring claims, *id.* at 3-4; that the complaint failed to state a cause of action because it did not allege that Amazon participated in the "stream of commerce" so as to subject it to strict product liability, *id.* at 5-9, and made only conclusory

allegations that Amazon owed or breached a duty of care to Decedent Smith so as to subject it to negligence claims, *id.* at 4-13; and that Plaintiffs' failure to properly serve Amazon with a summons signed by Clerk of Superior Court warranted dismissal for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2) and insufficiency of process and service of process under 12(b)(4) and 12(b)(5). *Id.* at 14-16. On March 10, 2016, Defendant Genco also moved to dismiss the claims against it. ECF No. 9. Genco repeated Amazon's standing and personal jurisdiction/process arguments, *id.* at 8-10, and further argued that the first complaint failed to state a facially sufficient claim for wrongful death or survivorship against Genco. *Id.* at 4-8.

Plaintiffs received an extension of time to respond to Amazon's motion to dismiss. ECF No. 15. On March 21, 2016, instead of filing briefs in opposition to the two motions to dismiss, Plaintiffs filed an amended complaint in this Court. ECF No. 19. The amended complaint again brings five causes of action against the Defendants, but the amended claims are not identical to the original claims. In Count One, Plaintiffs claim again that all Defendants owed and negligently breached duties to Decedent Smith regarding the design, manufacturing, installation, servicing, and modification of the A-CSP and the proper training and supervision of Facility workers, causing Smith's wrongful death. *Id.* ¶¶ 42-45. In Count Two, Plaintiffs bring a survival action against all Defendants, claiming that, as the result of Defendants' negligence, Decedent Smith suffered pain and suffering and loss of enjoyment of life from the time of the accident to his death. *Id.* ¶¶ 46-47. In Count Three, Plaintiffs bring a claim for strict product liability against Dematic only for the defective design and manufacturing of the A-CSP. *Id.* ¶¶ 48-55. In Count Four, Plaintiffs bring a claim for post-sale negligence against Dematic only, alleging that Dematic "negligently performed post-sale service of the A-CSP, including its repair, service, maintenance, modification, and alteration," and failed to "recall, repair, modify and warn" the

operators of the A-CSP, leading to Decedent Smith's death. *Id.* ¶¶ 56-59. In Count Five, Plaintiffs allege that Defendants Amazon and Genco owed and negligently breached duties to Decedent Smith regarding his training and supervision, causing his death. *Id.* ¶¶ 60-65. Plaintiffs also claim that Amazon negligently breached its duty to train Genco to train Smith and restrict the operation of the A-CSP to keep Smith safe. *Id.*

Plaintiffs seek compensatory damages exceeding $150,000, punitive damages, interest, and costs of suit. *Id.*

On March 28, 2016, Defendants Amazon and Genco filed separate letters with the Court under L. Civ. R. 7.1(d)(4) stating that reply briefs in support of their motions to dismiss were unnecessary because Plaintiffs did not file timely oppositions to either motion. ECF No. 22 (Amazon); ECF No. 23 (Genco). Defendants argued that the Court should dismiss the original complaint and should refuse to accept the amended complaint because it was filed outside of the 21-day period allowing a party to amend its pleading as a matter of course provided by Fed. R. Civ. P. 15(a)(1). In response, Plaintiffs argued that the Court's order extending their time to answer Amazon's motion to dismiss, ECF No. 15, rendered the amended complaint timely. ECF No. 24.

The Court has not yet determined whether Plaintiffs are entitled to amend their complaint. Nevertheless, on April 4, 2016, Defendant Dematic filed a motion to dismiss the amended complaint. ECF No. 25. That motion has been fully briefed, *see* Plaintiffs' Opp. to Dematic Mot. Dismiss, ECF No. 32; Reply in Supp. Dematic Mot. Dismiss, ECF No. 33, and will be addressed in a separate opinion.

On May 16, 2016, Amazon filed a letter motion to withdraw its motion to dismiss the original complaint as rendered moot by the amended complaint. ECF No. 34; *see also* ECF No. 34 Ex. A (waiver of service for amended complaint).

The Court now determines whether Plaintiffs are entitled to amend their complaint as of right and, if not, whether to grant Plaintiffs leave to amend. The Court also grants Amazon permission to withdraw its original motion to dismiss.

## LEGAL STANDARD

Federal Rule of Civil Procedure 15(a) provides that a "party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). Federal Rule of Civil Procedure 6(d) states that "[w]hen a party may or must act within a specified time after service is made under Rule 5(b)(2) . . . (E) . . ., 3 days are added after the period would otherwise expire under Rule 6(a)." Federal Rule of Civil Procedure 5(b)(2)(E), in turn, allows for service by "sending [a paper] by electronic means if the person consented in writing . . . ."

A court has discretion to strike or allow an amended complaint that is filed after the deadline to make an amendment as a matter of course under Rule 15(a)(1) has passed. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs.*, 507 U.S. 380, 395 (1993); *see also Diehl v. U.S. Steel/Edgar Thomson Works*, 2010 U.S. Dist. LEXIS 4618, at *15 (W.D. Pa. Jan. 21, 2010) (declining to dismiss as untimely amended complaint filed three days after 21-day 15(a)(1) period). In any event, after the 21-day amendment "as a matter of course" period has expired or a party has already amended its pleading once, a party may amend the pleading "with the opposing

Case 2:16-cv-00872-WHW-CLW Document 35 Filed 05/18/16 Page 8 of 15 PageID: 349

NOT FOR PUBLICATION

party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The court's leave to amend "shall be freely given when justice so requires." *Id.* A general presumption exists in favor of allowing a party to amend its pleadings. *Boileau v. Bethlehem Steel Corp.*, 730 F.2d 929, 938 (3d Cir. 1984). Leave to amend a complaint should be granted freely in the absence of undue delay or bad faith on the part of the movant as long as the amendment would not be futile and the opposing party would not suffer undue prejudice. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Jang v. Boston Scientific Scimed, Inc.*, 729 F.3d 357, 367 (3d Cir. 2013) (citation omitted). "Futility means that the complaint, as amended, would fail to state a claim upon which relief could be granted." *Travelers Indem. Co. v. Dammann & Co., Inc.*, 594 F.3d 238, 243 (3d Cir. 2010) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir.1997)) (further citation omitted).

"[A] refusal of a motion for leave to amend must be justified," *Riley v. Taylor*, 62 F.3d 86, 90 (3d Cir. 1995), and the Third Circuit has identified the following as permissible justifications: "(1) undue delay; (2) bad faith or dilatory motive; (3) undue prejudice to the opposition; (4) repeated failures to correct deficiencies with previous amendments; and (5) futility of the amendment." *Id.* (citing *Foman*, 371 U.S. at 182). "Amendment of the complaint is futile if the amendment will not cure the deficiency in the original complaint or if the amended complaint cannot withstand a renewed motion to dismiss." *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 292 (3d Cir. 1988). For that reason, the Court applies the "plausibility" standard which applies to motions to dismiss under Rule 12(b)(6), *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## DISCUSSION

Although Amazon has requested to withdraw its motion to dismiss the original complaint, it has not yet withdrawn its argument that Plaintiffs should not be allowed to amend their complaint as of right. The Court will now consider Amazon and Genco's objections to Plaintiffs' proposed amended complaint.

Amazon requests that the Court treat Plaintiffs' amended complaint as a request for leave to amend. ECF No. 22. Amazon claims that "there is, in fact, only one, single 21-day period available for amending 'as a matter of course,' *id.* at 1 (quoting 3 Moore's Federal Practice, § 15.12[3] (Matthew Bender 3d Ed.)), and argues that, because Defendant Dematic filed an answer to the complaint, ECF No. 5, and Amazon filed its motion to dismiss, ECF No. 3, on February 24, 2016, the 21-day period for Plaintiffs to amend their complaint as of right ended on March 16, 2016. *Id.* at 2. To file an amended complaint after that date, says Amazon, Plaintiffs must receive leave to amend from the Court under Fed. R. Civ. P. 15(a)(2). *Id.* Because they have not yet done so, Amazon argues that the Court must reject Plaintiffs' amended complaint. *Id.* Defendant Genco makes a similar argument. ECF No. 23.

In response, Plaintiffs claim that the Court's order granting them an extension of time to answer Amazon's motion to dismiss was not limited to the filing of an opposition brief. Plaintiffs argue that the order also extended their deadline to file an amended complaint as a matter of course beyond May 16, to May 21, 2016. ECF No. 24.

The Court now determines (a) whether Plaintiffs' extension of time to answer Amazon's motion allowed them to file an amended complaint as of right, and (b) whether the Court should exercise its discretion and allow Plaintiffs to file an amended complaint.

9

### I. It is not settled whether Plaintiffs filed a timely amended complaint "as a matter of course."

#### A. Plaintiffs received a timely extension of time to respond to Amazon's motion to dismiss.

As an initial matter, the Court finds that the March 16, 2016 date discussed by the parties was *not* the end of the 21-day "as a matter of course" amendment period created by Rule 15(a)(1). Both Amazon's motion to dismiss and Dematic's answer were served upon Plaintiffs by electronic filing on February 24, 2016. *See* ECF No. 3-2 (Amazon certification of service); ECF No. 5 at 23 (Dematic certification of service). Under Rule 15(a)(1), the 21-day window for parties to amend their pleadings as of right begins upon "*service* of a motion under Rule 12(b) . . ." (emphasis added). Fed. R. Civ. P. 6(d) adds an additional three days "after the period would otherwise expire" for motions served electronically under Rule 5(b)(2)(E). It follows that Plaintiffs' 21-day period in this case ended on March 19, not March 16.

Plaintiffs received an extension of time to respond to Amazon's motion to dismiss on March 16, three days before their deadline to file an amended complaint as a matter of course. ECF No. 15. The request for an extension and order granting the extension were timely.

#### B. The Court need not decide whether its order extending time to respond extended the Rule 15(a)(1) as-of-right amendment period.

The next relevant question is whether Plaintiffs' extension of time to respond to Amazon's motion included an extension of time to file an amended complaint under Fed. R. Civ. P. 15(a)(1)(B). The Third Circuit does not appear to have definitively ruled on this issue.

"Rule 15(a)(1)(B) makes clear that 'an amended complaint is a permissible response to a Rule 12(b) motion.'" *Harnish v. Widener University School of Law*, 2012 WL 2576353, at *3

(D.N.J. July 3, 2012) (Walls, J.) (quoting *Alliance Solutions, Inc. v. Quest Software, Inc.*, 2012 WL 692883 (D. Md. Mar. 1, 2012)). Permitting a plaintiff to file an amended complaint in response to a motion to dismiss serves the legislative purpose of Rule 15(a)(1). As stated in the Advisory Committee Notes to the 2009 amendment to Rule 15, which created the 21-day as-of-right period for amendments in response to Rule 12(b) motions, a "responsive amendment may avoid the need to decide the motion [to dismiss] or reduce the number of issues to be decided, and will expedite determination of issues that otherwise might be raised seriatim." Fed. R. Civ. P. 15, Advisory Committee Notes 2009.

Because an amended complaint is a recognized "response" in the motion to dismiss context, Plaintiffs' amended complaint fell within the scope of the Court's March 16, 2016 order, which granted Plaintiffs "an additional Motion Cycle to file [their] Responses to Amazon's Motion to Dismiss," ECF No. 15, but did not limit "responses" to briefs in opposition.

This does not necessarily mean, however, that the Court must accept the amendment as a matter of course. The Third Circuit has not decided whether a district court actually has the power to extend Fed. R. Civ. P. 15(a)(1)'s 21-day period for filing amendments as a matter of course. Given the advantages of allowing a party to "reduce the number of issues to be decided" and "expedite determination of issues" by amending the complaint, Fed. R. Civ. P. 15, Advisory Committee Notes, the Court believes that an extension of time to respond likely includes an extension of the Rule 15(a)(1) period. Other district courts outside the Third Circuit have come to this conclusion. *See Hurd v. NDL, Inc.*, 2012 WL 642425, at *1 (D. Md. Feb. 27, 2012); *Schwartz v. Chase Home Finance, LLC*, 2010 WL 5151326, at *2 (D. Az. Dec. 13, 2010); *Garcia v. Rosario*, 2010 WL 3724281, at *1 (D. Conn. Sept. 15, 2010); *but see Ellis v. Jean*, 2011 WL 6368555, at *7 (S.D.N.Y. Dec. 16, 2011) (finding "no authority for such a departure

from the plain language of Rule 15(a)(1)" stating that plaintiffs have only 21 days to amend as a matter of course).

## II. Justice requires accepting Plaintiffs' amended complaint under Fed. R. Civ. P. 15(a)(2).

The Court need not decide this issue, however, but will instead follow the recent lead of several district courts and grant Plaintiffs leave to amend under Fed. R. Civ. P. 15(a)(2). In *James v. Varano*, the Middle District of Pennsylvania accepted an unopposed amended complaint filed outside of Rule 15(a)(1)'s 21-day period but within the extended period of time granted by the court to file an opposition to defendant's motion to dismiss. 2015 WL 5675557, at *2 (M.D. Pa. Sept. 25, 2015). The court noted that the plaintiff's request for an extension of time specifically referred to Rule 15(a)(1)'s 21-day period, but held that "justice require[d]" accepting the amended complaint, apparently granting leave to amend under Rule 15(a)(2). *Id.* Similarly, in *Alliance Solutions*, the District of Maryland accepted an amended complaint filed outside of Rule 15(a)(1)'s 21-day period but within the extended period of time provided by the court "to respond" to defendant's motion to dismiss. 2012 WL 692883, at *8. The court found, in dicta, that "a compelling argument can be made that consent to an extension of time to respond to a Rule 12(b) motion, and an order to the same effect, implicitly contemplate an extension of the time to file an amended pleading under Rule 15(a)(1)," but again declined to decide the issue and instead accepted the amended complaint by granting leave to amend under Rule 15(a)(2). *Id.*

This Court will do the same thing. To repeat, there is a general presumption in favor of allowing a party leave to amend its pleadings under Rule 15(a)(2). *Boileau*, 730 F.2d at 938. None of the factors necessary to overcome this presumption is present here. Plaintiffs have not caused "undue delay," instead timely seeking an extension to respond to Amazon's motion to

12

dismiss and filing the amended complaint within the extended period; there is no evidence of "bad faith or dilatory motive" on Plaintiffs' part; Defendants do not claim they would suffer any "undue prejudice" as a result of the amended complaint; Plaintiffs have made no previous amendments; and Defendants do not claim that the amendment would be clearly futile. *Riley*, 62 F.3d at 90.

In fact, as Plaintiffs argue, the amended complaint is "informed by some of the issues broached in defendants' Motions to Dismiss." ECF No. 24. Without ruling on the merits of the existing motions, the Court observes that Amazon argued the original complaint did not adequately allege a strict products liability claim against it, ECF No. 3 at 5-9, and did not make sufficient allegations regarding the existence or breach of Amazon's duty of care to Decedent Smith. *Id.* at 4-13. The amended complaint removes Amazon as a defendant from the strict liability claim and contains new allegations regarding Amazon's duty of care. ECF No. 15 ¶¶ 43-61. Additionally, perhaps in response to Amazon and Genco's arguments against Plaintiffs' motion to remand, ECF No. 11, the amended complaint now asserts that jurisdiction is proper in this Court because the parties are completely diverse, rendering Plaintiffs' motion to remand moot. ECF No. 15 ¶¶ 13-14. This is precisely the type of issue and pleading streamlining discussed in the 2009 Advisory Committee Notes to Rule 15. The Court grants Plaintiffs leave to amend and accepts the amended complaint.

As requested by Amazon, the Court recognizes the filing of Plaintiffs' amended complaint as of the date of this order. ECF No. 22 at 2. The Court recognizes that, in accordance with the direction of Magistrate Judge Cathy L. Waldor at an April 12, 2016 Rule 16 conference, Plaintiffs transmitted written requests for waivers of service of the amended complaint to Amazon. ECF No. 34; *see also* ECF No. 34 Ex. A. To the extent that Plaintiffs have not served

or requested waivers of service from the remaining Defendants, under Fed. R. Civ. P. 4(m), Plaintiffs have 90 days from the date of filing to serve Defendants with the amended complaint or request a waiver of service under Fed. R. Civ. P. 4(d)(1). Defendant Dematic has already filed a motion to dismiss the amended complaint. ECF No. 25. The remaining Defendants shall have 21 days after the date of this order, service of the amended complaint, or waiver of service, whichever is latest, to file any required responses to the amended complaint, including renewed motions to dismiss.

### III. Amazon's request to withdraw its original motion to dismiss is granted.

The Court grants Amazon's request to withdraw its motion to dismiss as moot. ECF No. 34.

### CONCLUSION AND ORDER

This matter having come before the Court on the filing of Plaintiffs' first amended complaint, ECF No. 19, and Defendant Amazon's request to withdraw its motion to dismiss, ECF No. 34, it is hereby ORDERED that

1. Plaintiffs are granted leave to file their amended complaint, ECF No. 19, and the amended complaint will be considered effectively filed as of the date of this order;

2. Defendant Amazon's motion to dismiss, ECF No. 3, is withdrawn;

3. Plaintiffs' motion to remand, ECF No. 11 and Defendant Genco's motion to dismiss, ECF No. 9, are denied without prejudice as moot as they deal with the original complaint;

4. To the extent Defendants have not already agreed to a waiver of service, Plaintiffs shall serve Defendants with the amended complaint or request a waiver of service

NOT FOR PUBLICATION

within 90 days of the date of this order, in accordance with the provisions of Fed. R. Civ. P. 4; and

5. Defendants shall serve any responsive pleadings or motions to dismiss within 21 days of the date of this order, receiving service of Plaintiffs' amended complaint, or waiving service, whichever is latest.

DATE: 18 May 2016

William H. Walls
Senior United States District Court Judge

15